In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-2691

W. JAMES MAC NAUGHTON,

*Plaintiff-Appellant,*

*v.*

ASHER VENTURES, LLC, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-4050 — **Martha M. Pacold**, *Judge.*

ARGUED MAY 17, 2023 — DECIDED AUGUST 3, 2023

Before RIPPLE, SCUDDER, and LEE, *Circuit Judges.*

LEE, *Circuit Judge.* William James Mac Naughton, a New
Jersey attorney, represented Shai Harmelech and his com-
pany, USA Satellite & Cable, in a lawsuit filed by the Russian
Media Group ("RMG") against them in 2006 (the "RMG Ac-
tion"). Mac Naughton stopped representing Harmelech and
USA Satellite after they failed to pay his legal fees. The RMG
Action eventually settled, and the settlement agreement was
converted to a judgment (the "RMG Judgment").

A few years later, Mac Naughton purchased from RMG the rights to the unpaid portion of the settlement judgment. He then filed a torrent of actions in the Northern District of Illinois against his former clients, seeking to collect the RMG Judgment. In one of those actions, Mac Naughton sought to set aside Harmelech's conveyance of his Highland Park, Illinois home to his son Etan, claiming it was a fraudulent transfer under Illinois law. We will refer to this lawsuit as the "Sunnyside Action" because the home is located on a street called Sunnyside Avenue.

The defendants in the Sunnyside Action moved to disqualify Mac Naughton pursuant to New Jersey Rule of Professional Conduct 1.9(a), which states that a lawyer who has represented a client in a matter "shall not thereafter represent another client in … a substantially related matter in which that client's interests are materially adverse to the interests of the former client." In 2015, Judge James Holderman granted the disqualification motion and entered an order barring Mac Naughton from acting as counsel in further efforts to collect the RMG Judgment (the "Holderman Order").

Undeterred by the Holderman Order, Mac Naughton continued prosecuting the Sunnyside Action. What is more, he filed several similar actions before different judges in the Northern District of Illinois. While the named defendants and legal claims in those other actions varied, the actions all were further attempts on Mac Naughton's part to collect the RMG Judgment, in direct contravention of the Holderman Order. After Judge Holderman retired, Judge Gary Feinerman took over the Sunnyside Action. He dismissed the action with prejudice as a sanction for Mac Naughton's continued defiance of the Holderman Order. *Mac Naughton v. Harmelech*, 338 F.

Supp. 3d 722 (N.D. Ill. 2018). Other judges with cases filed by Mac Naughton imposed similar sanctions.

These dismissals (four total) came before us on a consolidated appeal in 2019. Mac Naughton insisted that the Holderman Order was wrong because Judge Holderman had misapplied Rule 1.9(a). But as we told Mac Naughton then, he was not free to disobey the Holderman Order simply because he disagreed with it. Regardless of the Holderman Order's legal correctness, Mac Naughton was bound to follow it "unless and until it was undone through proper channels, such as reconsideration by the district judge or vacatur by us." *Mac Naughton v. Harmelech*, 932 F.3d 558, 565 (7th Cir. 2019). Because Mac Naughton had never properly appealed the Holderman Order or asked Judge Holderman (or Judge Feinerman) to reconsider it, we affirmed the dismissals, reasoning that Mac Naughton's refusal to obey a binding court order merited the sanctions. *Id.*

That brings us to the present case. Mac Naughton sued Harmelech, his son Sam Harmelech ("Sam"), and others, seeking to set aside the purportedly fraudulent transfer of some stock. The details are not important for our purposes. What matters is that Mac Naughton is again attempting to collect the RMG Judgment, in clear defiance of the Holderman Order, which still has not been undone. Judge Martha Pacold, as did her colleagues before her, dismissed the action with prejudice as a sanction for Mac Naughton's continued noncompliance with the Holderman Order. Our 2019 decision in *Harmelech* makes clear that Judge Pacold properly exercised her discretion in doing so.

Mac Naughton argues otherwise. He insists that the Holderman Order only applied to the Sunnyside Action. But

we rejected that contention in *Harmelech*, where we affirmed not only Judge Feinerman's dismissal of the Sunnyside Action but also the dismissals by the other judges of the *other* actions, all on the basis of the Holderman Order. We could not have been clearer in *Harmelech* that the Holderman Order bars Mac Naughton from *all* efforts "to assert the RMG Judgment against the Harmelech Defendants, other Defendants, Defendants' current and former customers, and [Shai] Harmelech's family." 932 F.3d at 562 (stating that the Holderman Order "did not pertain only" to the Sunnyside Action); *see also Harmelech*, 338 F. Supp. 3d at 726 (Feinerman, J.) (explicitly stating that the Holderman Order disqualified Mac Naughton from "appearing as counsel in connection with *any* attempt to collect the RMG judgment") (emphasis added). Judge Pacold properly determined that Mac Naughton's lawsuit was yet another attempt to circumvent the Holderman Order, a practice we said in *Harmelech* warrants dismissal with prejudice.

Mac Naughton also argues that Judge Pacold erred by prohibiting him from amending his complaint in this case. The amendment attempts to substitute a new plaintiff and name Sam as the sole defendant. But as Judge Pacold recognized, the underlying suit was just another attempt by Mac Naughton to collect the RMG Judgment: Mac Naughton would have represented the new plaintiff as counsel, and he would have retained a financial interest in the case's outcome. Because Mac Naughton's proposed amendment would have been futile (the amended complaint would have merited the same sanction of dismissal with prejudice), Judge Pacold did not err in denying leave to amend. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015).

Lastly, Mac Naughton contends that Judge Pacold should have stayed the action pending the resolution of a disciplinary proceeding against him in New Jersey (arising out of his repeated efforts to collect the RMG Judgment from his former clients). Mac Naughton once again argues that he did not violate Rule 1.9(a), and he expects the New Jersey proceeding to prove that. But Judge Pacold's dismissal of this action was based on Mac Naughton's violation of the Holderman Order, not Rule 1.9(a). Whether or not Mac Naughton has violated his ethical duties as a New Jersey lawyer, he has an entirely separate duty to comply with orders issued by courts of this Circuit. He has breached that duty by ignoring the Holderman Order repeatedly.

That does it for the merits.[1] But we are not done, for Sam has asked us to sanction Mac Naughton pursuant to Federal Rule of Appellate Procedure 38. That rule gives us discretion to award "just damages and single or double costs" to a prevailing appellee, if we conclude that an appeal is frivolous. We follow a two-step process in deciding whether to award Rule 38 sanctions. First, we determine whether the appeal is in fact frivolous. Second, we determine, in our discretion, whether sanctions are appropriate under the circumstances. *Colosi v. Electri-Flex Co.*, 965 F.2d 500, 504 (7th Cir. 1992). We hold that this appeal is frivolous and that sanctions are warranted.

First, as explained above, we squarely held in *Harmelech* that district court judges may dismiss Mac Naughton's attempts to enforce the RMG Judgment as punishment for

---

[1] Mac Naughton raises a few additional arguments in his briefing. We have considered those arguments, and they lack merit.

violating the Holderman Order. Judge Pacold, faced with yet another attempt by Mac Naughton to collect on the RMG Judgment, imposed the same sanction of dismissal that we expressly endorsed in *Harmelech*. Mac Naughton's briefs barely even acknowledge *Harmelech*. He does not attempt to explain how the arguments he now offers on appeal are consistent with that decision. He also does not ask us to reconsider or overrule the decision, even though we would have to do so to find in his favor. We have held repeatedly that appellants risk Rule 38 sanctions when they litigate in the face of controlling adverse authority that they pretend does not exist. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938–39 (7th Cir. 1989) (en banc); *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987) (stating that this "ostrich-like tactic" is "as unprofessional as it is pointless"); *In re Hendrix*, 986 F.2d 195, 200–01 (7th Cir. 1993) ("If the appeal is blocked by authorities that the appellant ignored, the appellant is sanctioned without inquiry into whether the authorities if acknowledged might have been contested.").

Second, we conclude that sanctions are appropriate in this case. In doing so, we consider whether sanctions would serve Rule 38's dual purposes of (1) compensating appellees for the "expense and delay of defending against a meritless appeal" and (2) deterring frivolous appeals to protect our docket for "cases worthy of consideration." *Harris N.A. v. Hershey*, 711 F.3d 794, 801 (7th Cir. 2013). These interests strongly favor sanctions here. Mac Naughton has wrangled the Harmelechs into court time and time again with duplicative claims. While an award of Rule 38 sanctions in Sam's favor probably will not fully compensate the family for the time and money Mac Naughton's efforts have cost them, it is a start.

We also find that sanctions are necessary to deter Mac Naughton from further wasting judicial resources. Mac Naughton has been remarkably persistent in harassing his former clients through vexatious litigation. He has ignored repeated orders from the judges of this Circuit to stop. He also has not yet been dissuaded by the prospect of disciplinary repercussions in New Jersey. We hope that forcing Mac Naughton to reach into his own pocket to compensate defendants will finally make clear to him that his continued defiance of the Holderman Order will not be tolerated.

As a final note, we observe that, during oral argument, it was revealed that Mac Naughton has filed yet another action seeking to collect on the RMG Judgment. He represented to us that he would withdraw that action if we found against him on this appeal. We expect Mac Naughton to keep his word. If we have to consider yet another meritless appeal from Mac Naughton, he can expect the imposition of additional sanctions.

The judgment of the district court is AFFIRMED. Defendant Sam Harmelech's Rule 38 motion for damages and costs is GRANTED. Mac Naughton is hereby ordered to pay the costs and reasonable attorney's fees Sam Harmelech has incurred for defending this appeal. Sam Harmelech will have 14 days from the date of this order to submit an accounting of his costs and attorney's fees. We direct the Clerk of this Court to transmit a copy of this opinion to the Office of Attorney Ethics of New Jersey and the New Jersey Supreme Court for any action those bodies may deem proper.